IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**BENJAMIN MAYS,**

  Plaintiff,

v.                                              No. 1:23-1009 JDB-jay

**LOS PORTALE'S RESTAURANT,**

  Defendant.

### REPORT AND RECOMMENDATION

On January 17, 2023, plaintiff Benjamin Mays filed his pro se complaint against Los Portale's Restaurant. ECF No. 1. On the same day, Plaintiff filed a motion to proceed in forma pauperis. ECF No. 2. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

On April 25, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis. ECF No. 6. The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.")

Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

Plaintiff filed this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff purports to be bringing an employment discrimination claim but has not obtained a right to sue letter from the Equal Employment Opportunity Commission. As set forth on the Complaint form Plaintiff filled out in filing this action, in order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.

Moreover, Plaintiff's allegations clearly illustrate that Plaintiff will be unable to obtain such a letter. Plaintiff alleges that he was a restaurant customer, and while dining found a white pill in his spinach dip and became sick. Plaintiff does not allege to be an employee of Defendant Los Portales, nor does he allege that he was ever employed by Defendant.

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or

3

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

To state a claim for racial or gender discrimination Plaintiff must allege that 1) he was a member of a protected class, 2) he was subject to an adverse employment action, 3) he was qualified for the job and 4) for the same or similar conduct, Plaintiff was treated differently from similarly situated non-protected employees. *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). Plaintiff fails to state a claim for either type of discrimination because on the facts alleged, he cannot establish that he was subject to an adverse employment action. An adverse employment action requires a materially adverse change in the terms and conditions of employment. *Allen v. Mich. Dep't of Corrections*, 165 F.3d 405, 410 (6th Cir. 1999). Plaintiff's claim simply does not fall within the purview of Title VII, nor does Plaintiff allege any other basis for this Court's jurisdiction.

## **CONCLUSION**

For these reasons, the Magistrate Judge recommends that this Court dismiss the Complaint in its entirety.

Respectfully submitted this 27th day of April, 2023.

                                                      **s/Jon A. York**
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**