IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN MAYS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01009-JDB-jay |
| | ) |
| LOS PORTALES RESTAURANT, | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

A *pro se* complaint filed by the Plaintiff, Benjamin Mays, was docketed in this matter on January 17, 2023. (Docket Entry ("D.E.") 1.) In accordance with Administrative Order No. 2013-05, the lawsuit was referred to Magistrate Judge Jon York for management of all pretrial matters. In a report and recommendation (the "Report") entered April 27, 2023, Judge York recommended that the District Court dismiss the complaint in its entirety. (D.E. 7.) Pursuant to 28 U.S.C. § 636(b)(1), Mays had fourteen days to file objections after being served with a copy of the report and recommendation. (*Id.* at PageID 24.) Instead of objections, he filed a "Motion of Food Tampering" on May 9, 2023. (D.E. 8.)

When a party objects to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Objections to a magistrate judge's report must be "specific." Fed. R. Civ. P. 72(b)(2). The submission of "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Generalized objections are discouraged and the "district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed." *Ashraf v. Adventists Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985)). Furthermore, the Sixth Circuit has repeatedly held that failing to object to a specific finding within the report and recommendation waives appeal of those objections. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal[.]"); *Cole*, 7 F. App'x at 356 ("This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report.").

Still, "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite being "held 'to less stringent standards,'" *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (declining "to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants"). Mays's motion does not contain objections that meet the requisite level of specificity and instead merely restates the claims alleged in the original complaint. Still, given that he appears *pro se*, Plaintiff's claims are briefly addressed below.

Mays brought an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (D.E. 1.) Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

2

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Furthermore, as the complaint form Plaintiff completed indicated, to bring a Title VII action, the plaintiff must first obtain a right to sue letter from the Equal Employment Opportunity Commission. (D.E. 1.) Finally, to make out a prima facie case of employment discrimination under Title VII, the plaintiff has the burden of establishing "that '(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'" *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)).

As Judge York noted, Mays has not obtained a right to sue letter and thus his claims must fail. (D.E. 7 at PageID 23.) Furthermore, Plaintiff's claims fall entirely outside of the purview of Title VII. Mays alleges that he suffered physical and emotional pain after biting into a white pill inside of food that he had taken home from Los Portales Restaurant. (D.E. 1.) In his Motion of Food Tampering, he fails to object to any portion of the Report and simply reiterates that "Los Portales maliciously and recklessly jeopardized [his] health and well-being along with [his] health by putting a pill in [his] food." (D.E. 8 at PageID 25.) Because Plaintiff was a customer at Defendant's restaurant, makes no allegations that he was ever employed or suffered an adverse employment action at Los Portales Restaurant, has failed to produce a right to sue letter, and makes no objections to the Report, the Court hereby ADOPTS the Report and DISMISSES Plaintiff's complaint. As such, the Clerk is DIRECTED to terminate the motion at D.E. 8 as moot.

IT IS SO ORDERED this 12th day of May 2023.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE